|,LEON A. CANNIZZARO, JR., Judge.
The defendant, Vernell Woodard, was indicted for the second degree murder of Leonard Joseph. In the same indictment, *631 Cawanda Bonner was charged with being an accessory after the fact to second degree murder. Both defendants pled not guilty. The trial court granted Woodard’s motion to sever the trials of the co-defendants. The State filed a notice of intent to use the hearsay statements of a co-conspirator (Ms. Bonner) in Woodard’s trial pursuant to LSA-C.E. Art. 801 D(3)(b). The trial court denied the State’s motion. On the application of the State of Louisiana, we grant this writ to review the correctness of the trial court’s ruling.
FACTS
The State alleges that Woodard lured the victim, who was Ms. Bonner’s uncle, to her apartment and battered him to death. The next morning, the victim’s body was found in a car parked several blocks from Ms. Bonner's apartment. At the eviden-tiary hearing on the State’s motion, Detective Wayne Farve testified that while investigating the murder he interviewed Gregory Joseph who told him that he had been with the victim prior to the murder and that Woodard had called the victim and told him he wanted to meet with the victim to give him a package.
I ¡.Detective Farve testified he then met with Ms. Bonner, who told him that the victim had been involved in an argument with two men from the neighborhood and that they had committed the murder. Ms. Bonner identified the two men only by the nicknames of “Black” and “Red.”
Detective Farve also interviewed Woodard, who told him that several people had problems with the victim because the victim allegedly robbed them or stole items from their cars.
Detective Farve subsequently interviewed Angie Larson, who told him that Ms. Bonner and Woodard had called the victim and convinced him to go to Ms. Bonner’s apartment. A struggle ensued and the victim was ultimately beaten to death with a hammer.
Detective Farve testified that when he confronted Ms. Bonner about Ms. Larson’s statement, Ms. Bonner told him she was present when Woodard called the victim and she was present when the victim came to her apartment. She stated that the victim and Woodard got into an argument while sitting at the kitchen table. She left the kitchen when the argument turned physical with Woodard striking the victim on the head with a hammer. She admitted that after the victim died, Woodard removed the body, and she cleaned the kitchen of all the victim’s blood.
Detective Farve testified that he spoke again with Woodard, who told him he called the victim to come to the apartment because he wanted to confront the victim about his larcenous activities. At some point Woodard noticed that the victim had a gun and he reacted by repeatedly hitting the victim with a hammer. He indicated that Ms. Bonner left the room when he began to hit the victim.
^APPLICABLE LAW
LSA-C.E. Art. 801C defines hearsay as a statement, other than one made, by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted. A “statement” is defined as an oral or written assertion. LSA-C.E. Art. 801A. Unless authorized by the Code of Evidence or other legislation, statements constituting hearsay are inadmissible as evidence. LSA-C.E. Art. 802. LSA-C.E. Art. 801D enumerates those statements which are considered non-hearsay. Such statements are admissible as evidence if relevant and not otherwise excluded.
Included in LSA-C.E. Art. 801D are statements offered against a party which *632 are his own statements, either in his individual or a representative capacity, LSA-C.E. Art. 801D(2)(a), and statements offered against a party made by a declarant while participating in a conspiracy to commit a crime and in furtherance of the objective of the conspiracy, provided a pri-ma facie case of conspiracy has been established, LSA-C.E. Art. 801D(3)(b) [1].
After the state presents a prima facie case of conspiracy, the burden of proof shifts to the defendant to present evidence showing his withdrawal from the conspiracy prior to the time the statements were made by his co-conspirators. The conspiracy is presumed to continue unless or until the defendant shows his withdrawal from or the termination of the conspiracy. United States v. Walker, 796 |4F.2d 43, 49 (4th Cir.1986). To prove withdrawal, a defendant must show affirmative actions made by him that are inconsistent with the object of the conspiracy. United States v. United States Gypsum Co., 438 U.S. 422, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978). Such affirmative actions include making a clean break through confession to the authorities as well as notification to the co-conspirators of abandonment or withdrawal. United States v. Patel, 879 F.2d 292, 294 (7th Cir.1989), cert. denied, 494 U.S. 1016, 110 S.Ct. 1318, 108 L.Ed.2d 494 (1990).
The standard for determining the admissibility of statements made by co-conspirators is less than that required to convict a defendant of conspiracy to commit an offense. A trial court’s determination as to the admissibility of such evidence, i.e., whether the state has made a prima facie showing of a conspiracy and whether a defendant has sufficiently proven withdrawal so as to make his co-conspirators’ statements admissible or inadmissible under LSA-C.E. Art. 801D(3)(b), will not be overturned absent clear error. See United States v. Taylor, 802 F.2d 1108 (9th Cir.1986), cert. denied, 479 U.S. 1094, 107 S.Ct. 1309, 94 L.Ed.2d 164 (1987); State v. Lobato, 603 So.2d 739 (La.1992).
DISCUSSION
In the instant case, the trial court refused to permit the State to introduce Ms. Bonner’s statements, noting that because they were made after the murder had occurred they could not have been made in furtherance of any conspiracy to the murder. The State argues the trial court erred by so holding because Ms. Bonner’s initial, untruthful statement to Detective Farve was an attempt to conceal the truth regarding the murder, i.e. conspiracy to commit accessory after the fact. Although |Bthe State’s notice of intent to introduce the statements included her second statement as well, the State’s writ application asserts no argument as to Ms. Bonner’s second statement, wherein she confessed to being present at the apartment during Woodard’s phone call summoning the victim and when the beating started. Clearly, the second statement *633 would not fall within the co-conspirator exception, as the statement was not made in furtherance of any conspiracy.
Woodard is charged with second degree murder, but the State has not made a prima facie showing that Ms. Bonner conspired with him to murder the victim. Nevertheless, we agree with the State that a prima facie case of conspiracy to commit accessory after the fact to second degree murder has been established.
In furtherance of the conspiracy to commit accessory after the fact, Ms. Bonner lied to Detective Farve to exonerate herself and Woodard by implicating two neighborhood men with whom the victim had been having trouble. Woodard, too, conspired to commit accessory after the fact when he attempted to conceal the true circumstances surrounding the murder by telling Detective Farve that several persons had problems with the victim because the victim had allegedly robbed or stole from them. Furthermore, the State presented a prima facie case of conspiracy to commit accessory after the fact when Ms. Bonner admitted that Woodard removed the victim’s body from the premises and she cleaned the blood from the kitchen. In view of these facts, the trial court erred in not allowing the State to introduce at trial pursuant to LSA-C.E. Art. 801D(3)(b) Ms. Bonner’s first statement made to Detective Farve.
^CONCLUSION
Accordingly, the State’s writ application is granted. The judgment of the trial court denying the State’s motion to introduce at Woodard’s trial Ms. Bonner’s initial, untruthful statement to Detective Farve pursuant to LSA-C.E. Art. 801D(3)(b) is reversed and the motion is granted.
WRIT APPLICATION GRANTED; TRIAL COURT JUDGMENT REVERSED.

. LSA-C.E. Art. 801D(3)(b), provides:
D. Statements which are not hearsay. A statement is not hearsay if:
[[Image here]]
(3) Relational and privity admissions. The statement is offered against a party, and the statement is:
[[Image here]]
(b) A statement by a declarant while participating in a conspiracy to commit a crime or civil wrong and in furtherance of the objective of the conspiracy, provided that a prima facie case of conspiracy is established!)]